UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON STEVEN MOLTHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00706 |
| ) | CHIEF JUDGE CRENSHAW |
| VANDERBILT UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff Jason Steven Molthan has filed this *pro se* action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. The complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

**I.    STANDARD of REVIEW**

Having granted Plaintiff leave to pursue this suit without paying the filing fee, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If an action is filed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether a complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if

they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). It is the plaintiff, not the court, who must set forth a coherent cause of action. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting

2

the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that at 10:30 p.m. on April 5, 2016, he was conducting research in the computer lab in the Sarratt Student Center on Vanderbilt University's campus, which is open to the general public until 11 p.m. (Doc. No. 1, at 6, 8.) Plaintiff was approached at 10:30 by three Vanderbilt University police officers who said that a Vanderbilt employee had recognized him from local news media reports. The officers asked to see Plaintiff's identification, then asked him to gather his belongings and step outside, where they searched his belongings and questioned him about the news coverage. (Id. at 6.) Despite Plaintiff's explanation that the media coverage was "defamatory" and that he had not been "convicted of the felony," at 10:55 p.m. the officers told Plaintiff to leave the Vanderbilt campus and never return. Plaintiff began to leave, but before he could, the officers ordered him to stop and arrested him for criminal trespassing. (Id. at 6–7.) On April 11, 2016, Plaintiff pleaded not guilty in General Sessions Court; the charge was dismissed, and Plaintiff was released from jail at approximately 8 p.m. (Id. at 7–8.) Since that incident, Plaintiff alleges that Vanderbilt police officers have intimidated him in areas near the Vanderbilt campus and have threatened him with arrest "if he does not find another area of town to frequent." (Id. at 8.)

## III. ANALYSIS

### A. Claims Related to Plaintiff's Arrest

Plaintiff alleges that Defendants are liable for false arrest/imprisonment in violation of his federal constitutional rights under the Fourth Amendment, pursuant to 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state

3

law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. For the purposes of initial review, the Court accepts Plaintiff's allegation that the Vanderbilt University police officers were acting under color of state law and finds that Plaintiff has stated a nonfrivolous claim for false arrest/imprisonment. See Mettetal v. Vanderbilt Univ., Legal Dep't, 147 F. App'x 577, 581 (6th Cir. 2005) (reversing dismissal of § 1983 claim against Vanderbilt police department on statute of limitation grounds). The Court also finds, again solely for the purpose of initial review, that Plaintiff's allegation that he was not arraigned until April 11, 2016, makes his April 10, 2017 Complaint for false arrest/imprisonment under the Fourth Amendment timely. See Wallace v. Kato, 549 U.S. 384, 391 (2007) (holding that plaintiff's federal false arrest/imprisonment claim accrued, and statute of limitations began to run, on the date that his false imprisonment ended when the plaintiff appeared in court and was bound over for trial); Tenn. Code Ann. § 28-3-104(a)(1) (setting one-year statute of limitations for actions for false imprisonment and for actions brought under the federal civil rights statutes).

In Wallace, the petitioner claimed that his confession to murder was the product of his unlawful arrest, which occurred on January 19, 1994. 549 U.S. at 386. The state court agreed on direct appeal following his conviction, finding the petitioner's arrest violated the Fourth Amendment. Id. The state appellate court ultimately remanded the case for a new trial, but rather than retrying the petitioner, the prosecution dropped the charges against him on April 10, 2002. Id. On April 2, 2003, the petitioner filed a § 1983 claim seeking damages for the unlawful arrest. Id.

4

The petitioner argued that his claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994), until the charges against him were dropped, and that his lawsuit filed within one year of that event was therefore timely. Id. at 392. The Supreme Court held, however, that Heck only bars cases that would invalidate an "extant conviction," and that while it would warrant staying a § 1983 claim through the course of a plaintiff's prosecution, it did not delay the accrual of a Fourth Amendment claim or commencement of the limitations period. Id. at 392–97. Instead, the Court held that the limitations period on a Fourth Amendment claim for false arrest begins to run on the day that the false arrest/imprisonment ends, e.g. when continued confinement becomes lawful pursuant to legal process, when the defendant appears in court and is bound over for trial. Id. at 389–91. Accordingly, from the face of the complaint, it appears that the limitations period for Plaintiff's Fourth Amendment claim began to run, not on April 5 when he was arrested, but on April 11, 2016, when the charge against him was dismissed and he was released after his initial court appearance.

However, the rule of delayed limitations-period commencement announced in Wallace for federal false arrest claims is a "distinctive rule" that arises from "the common law's distinctive treatment of the torts of false arrest and false imprisonment," and does not apply to other state or federal claims arising out of the arrest. Wallace, 549 U.S. at 388–89; Fox v. DeSoto, 489 F.3d 227, 233, 235 (6th Cir. 2007) (holding that despite delayed accrual under Wallace for false arrest claim, "claim for excessive force in effectuating an arrest accrues at the time of arrest," and affirming dismissal of state law claim for assault and battery as untimely). Accordingly, with the exception of his Fourth Amendment claim for false arrest, all of Plaintiff's state and federal claims arising from Defendants' actions on the date of his arrest – including his claims for conspiracy, official

oppression, fraud, entrapment, extortion, assault and battery, and intentional infliction of emotional distress – are untimely.

### B. Claims Related to Post-Release Events

Plaintiff's claim for harassment appears to relate to events occurring since his release. That claim, and any other claims that could be liberally construed to relate to the alleged harassment he has experienced since his release, are timely but fail to state any claim for which relief can be granted. Plaintiff bases his claims for conspiracy, official oppression, fraud, entrapment, extortion, assault and battery, and harassment on state criminal statutes that define crimes and their defenses; they do not create private causes of action. (See Doc. No. 1, at 10–12 (citing Tenn. Code Ann. §§ 39-12-103, 39-16-403, 39-11-106, 39-11-505, 39-14-112, 39-13-101 and 102, 39-17-308, 39-17-315)); Dirks v. Tudors, No. E200801384COAR3CV, 2009 WL 1372180, at *2 (Tenn. Ct. App. May 18, 2009) ("[W]ith respect to the plaintiff's claim based upon official oppression, the applicable statute, Tenn. Code Ann. § 39-16-403 (2006) does not indicate, in any way, that a private cause of action for official oppression was contemplated by the legislature when the statute was enacted.").

Plaintiff also cites 42 U.S.C. § 1985 among his grounds for filing suit. (Doc. No. 1, at 1.) However, any claim for conspiracy to interfere with Plaintiff's civil rights pursuant to 42 U.S.C § 1985(3) fails because he has not alleged that such conspiracy was based on his race or other "inherent personal characteristics." Webb v. United States, 789 F.3d 647, 672 (6th Cir. 2015) ("The Supreme Court requires that § 1985 claims contain allegations of "class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The class must be based upon race or other "inherent personal characteristics." Browder v. Tipton, 630 F.2d 1149, 1150 (6th Cir. 1980).").

6

To the extent that the claims for which Plaintiff has relied upon criminal statutes actually exist as civil claims under state law, Plaintiff's allegations do not satisfy the elements of those claims. For example, the mere fact that Vanderbilt has banned Plaintiff from campus despite maintaining open hours for the general public does not state a claim for fraud. See Grant v. Tucker, 57 F. Supp. 3d 852, 858 (M.D. Tenn. 2014) ("Under Tennessee law, a plaintiff must establish four elements to prove fraud: (1) an intentional misrepresentation with regard to a material fact; (2) knowledge of the representation's falsity (i.e., it was made 'knowingly' or 'without belief in its truth,' or 'recklessly' without regard to its truth or falsity); (3) the plaintiff reasonably relied on the misrepresentation and suffered damage; and (4) the misrepresentation relates to an existing or past fact, or, if the claim is based on promissory fraud, the misrepresentation 'must embody a promise of future action without the present intention to carry out the promise.'"). And the verbal harassment Plaintiff has allegedly experienced in the Vanderbilt vicinity since his release is clearly not shocking enough to state a claim for intentional infliction of emotional distress. See Davis v. Covenant Presbyterian Church, No. M2013-02273-COA-R3CV, 2014 WL 2895898, at *6–7 (Tenn. Ct. App. June 23, 2014) ("A claim for intentional infliction of emotional distress requires a showing that 'the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff.' . . . 'The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to

7

be regarded as atrocious and utterly intolerable in a civilized community.'"); see also Johnson v. Unknown Dellatifa, 357 F.3d 539, 545–46 (6th Cir. 2004) (holding that harassment and verbal abuse, no matter how "shameful and utterly unprofessional," do not violate the Constitution).

And finally, Plaintiff's reliance on "personal injury" merely invokes a legal connection between certain torts, such as negligence or assault, and a right to relief. "Personal injury" itself is not an independent cause of action upon which Plaintiff can proceed. Rather, it is a 'blanket assertion of entitlement to relief,' which fails to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has stated a nonfrivolous claim for false arrest pursuant to the Fourth Amendment and § 1983, and process shall issue on those claims. The remainder of Plaintiff's claims will be dismissed for failure to state a claim.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE