# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JASON STEVEN MOLTHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00706 |
| ) | Judge Crenshaw / Frensley |
| VANDERBILT UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's sole remaining claim in this action - a Fourth Amendment false arrest claim filed pursuant to 42 U.S.C. § 1983. Docket No. 9. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 11. As grounds for its Motion, Defendant maintains that Plaintiff's claim was brought outside the applicable one year statute of limitations such that it should be dismissed as time-barred. Docket Nos. 9, 11.

Plaintiff has filed a Response to Defendant's Motion, arguing that his Complaint "does in fact allege sufficient facts to state a cause of action" against Defendant for "unlawful deprivation of rights and liberties via false arrest/imprisonment," and that his Complaint was "filed timely and within the time limitations set by statute." Docket No. 14.

With leave of Court (Docket No. 17), Defendant has filed a Reply, reiterating its contention that Plaintiff was provided legal process on April 6, 2016 when the judicial commissioner concluded that there was probable cause for Plaintiff's arrest, and that under *Wallace v. Kato*, 549 U.S. 394, 388-92 (2007), Plaintiff's claims became time-barred one year thereafter. Docket No. 18.

Defendant notes that Plaintiff did not file his Complaint until April 10, 2017, after the limitations period had run, and argues that Plaintiff has not established that this claims period should be subject to equitable tolling. Id.

Without leave of Court, Plaintiff has filed a Sur-Reply, arguing that, "in order to be bound over by a magistrate or arraigned on charges one must make an 'initial appearance in Court'. A Judicial Commissioner does not constitute a 'Court' and therefore cannot constitute an 'initial appearance in a Court'" that would begin the statute of limitations period. Docket No. 19.

Chief Judge Crenshaw, in the Memorandum issued with his Order granting Plaintiff's application to proceed in forma pauperis, succinctly summarized the factual allegations of Plaintiff's Complaint as follows:

> Plaintiff alleges that at 10:30 p.m. on April 5, 2016, he was conducting research in the computer lab in the Sarratt Student Center on Vanderbilt University's campus, which is open to the general public until 11 p.m. (Doc. No. 1, at 6, 8.) Plaintiff was approached at 10:30 by three Vanderbilt University police officers who said that a Vanderbilt employee had recognized him from local news media reports. The officers asked to see Plaintiff's identification, then asked him to gather his belongings and step outside, where they searched his belongings and questioned him about the news coverage. (Id. at 6.) Despite Plaintiff's explanation that the media coverage was "defamatory" and that he had not been "convicted of the felony," at 10:55 p.m. the officers told Plaintiff to leave the Vanderbilt campus and never return. Plaintiff began to leave, but before he could, the officers ordered him to stop and arrested him for criminal trespassing. (Id. at 6-7.) On April 11, 2016, Plaintiff pleaded not guilty in General Sessions Court; the charge was dismissed, and Plaintiff was released from jail at approximately 8 p.m. (Id. at 7-8.) Since that incident, Plaintiff alleges that Vanderbilt police officers have intimidated him in areas near the Vanderbilt campus and have threatened him with arrest "if he does not find another area of town to frequent." (Id. at 8.)

Docket No. 4, p. 3.

In finding, for purposes of initial review, that Plaintiff stated a nonfrivolous Fourth Amendment claim that was timely,[1] Chief Judge Crenshaw explained:

> The Court also finds, again solely for the purpose of initial review, that Plaintiff's allegation that he was not arraigned until April 11, 2016, makes his April 10, 2017 Complaint for false arrest/ imprisonment under the Fourth Amendment timely. See Wallace v. Kato, 549 U.S. 384, 391 (2007) (holding that plaintiff's federal false arrest/imprisonment claim accrued, and statute of limitations began to run, on the date that his false imprisonment ended when the plaintiff appeared in court and was bound over for trial); Tenn. Code Ann. § 28-3-104(a)(1)(setting one-year statute of limitations for actions for false imprisonment and for actions brought under the federal civil rights statutes). . . . Accordingly, from the face of the complaint, it appears that the limitations period for Plaintiff's Fourth Amendment claim began to run, not on April 5 when he was arrested, but on April 11, 2016, when the charge against him was dismissed and he was released after his initial court appearance.

*Id.* at 4-5.

The threshold issue presently pending before the Court is whether Plaintiff's limitations period began to run on April 6, 2016, when Plaintiff was bound over for process and the judicial commissioner concluded there was probable cause for the arrest and ordered that Plaintiff be taken

---

[1] Chief Judge Crenshaw found that all other claims related to his arrest alleged by Plaintiff were time-barred. *Id.* at 5 ("Accordingly, with the exception of his Fourth Amendment claim for false arrest, all of Plaintiff's state and federal claims arising from Defendants' actions on the date of his arrest - including his claims for conspiracy, official oppression, fraud, entrapment, extortion, assault and battery, and intentional infliction of emotional distress - are untimely."). Chief Judge Crenshaw further found that Plaintiff's post-release claim for harassment, "and any other claims that could be liberally construed to relate to the alleged harassment he has experienced since his release, are timely but fail to state any claim for which relief can be granted. Plaintiff bases his claims for conspiracy, official oppression, fraud, entrapment, extortion, assault and battery, and harassment on state criminal statutes that define crimes and their defenses; they do not create private causes of action." *Id.* at 6. Finally, Chief Judge Crenshaw found that Plaintiff's claim for conspiracy to interfere with his civil rights pursuant to 42 U.S.C. § 1985(3) "fails because he has not alleged that such conspiracy was based on his race or other 'inherent personal characteristics.'" *Id., citing Webb v. United States*, 789 F.3d 647, 672 (6th Cir. 2015).

before the General Sessions Court to answer the charge, or on April 11, 2016, when Plaintiff was arraigned. In Tennessee, there is a one-year statute of limitations for claims alleging a violation of civil rights or personal injury pursuant to 42 U.S.C. § 1983. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 F. Appx. 506, 509 (6th Cir. 2005). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003)(quoting *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997)).

In *Wallace v. Kato*, the Supreme Court stated, "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." 549 U.S. 384, 390 (2007). The *Kato* Court continued, "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." *Id.* at 391. The *Kato* Court ultimately held: "We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial." *Id.*

Pursuant to the *Kato* Court, therefore, Plaintiff's accrual period began when legal process was initiated against him. Although Plaintiff appeared in General Sessions Court on April 11, 2016, during which he plead not guilty and his charge was dismissed, Plaintiff and his arresting officer first appeared before Judicial Commissioner Carolyn Piphus for a probable cause determination on April 6, 2016, shortly after Plaintiff's arrest. *See* Docket No. 9-1, Certified Copy of Plaintiff's Arrest Affidavit. Judicial Commissioner Piphus determined on April 6, 2016, that probable cause existed

4

for Plaintiff to be held and taken before the General Sessions Court to answer the charge. *Id*. The imprisonment of Plaintiff between April 6, 2016, and April 11, 2016, was, therefore, pursuant to legal process, as set forth in *Kato, supra*.

Chief Judge Crenshaw's determination during his consideration of Plaintiff's application to proceed in forma pauperis and accompanying frivolity review that Plaintiff's Complaint was timely was based solely on his initial review of Plaintiff's Complaint. Plaintiff's Complaint, however, omits any mention of anything that happened between being booked "at roughly 12:30" on April 6, 2016, and appearing in court five days later. *See* Docket No. 1 at 7. Thus, Chief Judge Crenshaw did not have before him the information that Plaintiff and his arresting officer first appeared before Judicial Commissioner Carolyn Piphus for a probable cause determination on April 6, 2016, shortly after Plaintiff's arrest, and that Judicial Commissioner Piphus determined on April 6, 2016, that probable cause existed for Plaintiff to be held and taken before the General Sessions Court to answer the charge. *See* Docket No. 9-1, Certified Copy of Plaintiff's Arrest Affidavit.

In light of the fact that Plaintiff and his arresting officer first appeared before Judicial Commissioner Carolyn Piphus for a probable cause determination on April 6, 2016, shortly after Plaintiff's arrest, and Judicial Commissioner Piphus determined on April 6, 2016, that probable cause existed for Plaintiff to be held and taken before the General Sessions Court to answer the charge, the undersigned finds that Plaintiff's limitations period began to run on April 6, 2016, when he was being held pursuant to legal process. The undersigned therefore finds that this action is time-barred. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge